# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | CV F   04 5123 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Doc.1.) |
| MOEROYK, | |
| Defendants. | |

Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act) and 29 U.S.C. § 794 (Rehabilitation Act) Plaintiff filed the instant action on March 11, 2003, in the Northern District of California.  The case was subsequently transferred to this Court and received on January 21, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on December 3, 2002, he was issued a Rules Violation Report for using the bathroom aft erhte 5:00 p.m count was taken. Plaintiff states that this was in violation of institutional policy and the Americans with Disabilities Act. Plaintiff was later found guilty of "OFF AIGNED BUNK DURING COUNT," restriced from yard access, telephone access, quarterly packages, and canteen for thirty days. Plaintiff also states he was assessed a loss of thirty days good time credits as well. Plaintiff states that he next was asked by Defendant Moerdyk on December 12, 2002, whether he wanted to have the hearing without the assistance of a sign language interpreter. Plaintiff agreed stating he was willing to have it in writing. However, during the course of the hearing, the guard who wrote the RVR came in and had several conversations which Plaintiff, being deaf, could not hear or participate in. Plaintiff gave the Lt. several Memorandums on Institutional Policy regarding use of the bathroom after the count, however, he ignored the policy and Plaintiff was found guilty. Plaintiff alleges that he was

1  not off his bunk during count and cannot hear announcements made over the P.A. system.
2  Plaintiff alleges that this evidence of "her" hatred for deaf inmates.
3        On Decmeber 17, 2002, Lt. Moeryk held a CDC 115 hearing in the counselors office.
4  Plaintiff originally requested the aid of an interpreter but did not get one so he agreed to conduct
5  the hearing in writing.  Plaintiff states he did not agree to have the guard who wrote him up carry
6  on a lengthy discussion about him that he could not hear or participate in.  Plaintiff contends that
7  the presence of the guard was contrary to procedures and violated his due process rights.
8  Plaintiff states he was found guilty and assessed thirty days loss of good time credits.  Plaintiff
9  alleges that this is a violation of his rights as there is no institutional policy limiting movement
10 inside the building after count has been taken.
11       Plaintiff alleges that he asked Sgt. Werner to instruct guards on this policy but he ignored
12 him out of "sheer enjoyment and deliberately discriminating."  Plaintiff alleges that the Building
13 3 guards do not have a policy in place on how a deaf inmate can get their attention.  Plaintiff
14 states that he has been threatened by guards who will place their hands on their cans of mace.
15 Plaintiff alleges that there is no means of informing deaf inmates on what is being annuonced on
16 the P.A. system.
17       Plaintiff requests that the Court issue an Order preventing the prison offficials from
18 engaging in discriminatory practices and ordering officials to follow Title 15. Plaintiff also
19 request s that the 30-30 hearing be reversed and that he receive monetary damages for the loss of
20 good time credits, issue an injunction prohibiting officials from retaliating against him for filing
21 this action and award Plaintiff damages in the amount of $3,000.00.
22 **C. CLAIMS FOR RELIEF**
23       *1.  ADA & RA*
24       Plaintiff states that he is bringing this action pursuant to the Americans with Disabilities
25 Act and the Rehabilitation Act.  Title II of the Americans with Disabilities Act (ADA) provides
26 that "no qualified individual with a disability shall, by reason of such disability, be excluded
27 from participation in or be denied the benefits of the services, programs, or activities of a public
28 entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  The Rehabilitation

Act (RA) provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794.  Title II of the ADA and the RA apply to inmates within state prisons.  <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 118 S.Ct. 1952, 1955 (1998); <u>see</u> also <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir. 1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).

In order to state a claim under the ADA and the RA, Plaintiff must have been "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap." <u>Armstrong</u> at 1023.  Plaintiff has alleged no such exclusion or denial.  Plaintiff's chief complaint is that the prison violated its institutional policy when it disciplined Plaintiff for using the restroom after the evening count.  However, this is insufficient to state a claim under either the ADA and RA. Thus, Plaintiff fails to state a claim under the ADA and the RA.  The Court will provide plaintiff with the opportunity to file an Amended Complaint curing the deficiencies in his claims.

    *2. Disciplinary Finding & Loss of Credits*

In his prayer for relief, Plaintiff seeks reversal of the disciplinary hearing and monetary damages for the loss good time credits.

Plaintiff's request for reversal of the hearing is a direct challenge to the duration of his confinement. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert</u>. <u>denied</u> 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or

1  sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

2  Accordingly, Plaintiff may not pursue the instant damages action.  If Plaintiff wishes to challenge

3  his conviction and/or custody duration, he must do so via a petition for writ of habeas corpus.

4  Even were Plaintiff seeking only monetary damages and not reversal of the disciplinary

5  finding, he could not proceed in a Section 1983 case until without first seeking habeas corpus

6  relief.  Where, "success in a . . . [section] 1983 damages action would implicitly question the

7  validity of conviction or duration of sentence, the litigant must first achieve favorable

8  termination of his available state, or federal habeas, opportunities to challenge the underlying

9  conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004)

10  (*citing* Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997)

11  (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Because

12  the loss of time credits affects the duration of Plaintiff's sentence, a claim based on the

13  deprivation of the credits is barred until such time as plaintiff invalidates the result of the

14  disciplinary hearing.

**D.  CONCLUSION AND RECOMMENDATION**

16  Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

17  under the ADA, RA or Section 1983.  Further, the Court finds that the deficiencies outlined

18  above are not capable of being cured by amendment, and therefore leave to amend should not be

19  granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

20  Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

21  It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

22  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.

23  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

24  Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy

25  of this Report and Recommendation, any party may file written objections with the Court and

26  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

27  Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

28  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.

1 | The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

2 |     The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 14, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE

6