UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:04-cv-05123-AWI-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 8) |
| vs. | **ORDER DISMISSING ENTIRE ACTION** |
| MOEROYK, | |
| Defendant. / | |

Plaintiff, Louis Richard Fresquez ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On November 16, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days. On December 13, 2005 and February 28, 2006, respectively, plaintiff filed a motion to extend time. On February 7, 2006 and March 15, 2006, respectively, the court granted plaintiff an

additional thirty (30) days within which to respond.  On April 14, 2006, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case.  In his objections, Plaintiff alleges that he has alleged sufficient facts to state a claim for relief under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  The elements of a claim under the ADA are RA are: (1) that the plaintiff is a handicapped person; (2) that he is otherwise qualified; and (3) that the defendants' actions either (a) excluded his participation in or denied him the benefits of a service, program, or activity; or (b) otherwise subjected him to discrimination on the basis of his physical or mental handicap.  <u>Duffy v. Riveland</u>, 98 F.3d 447, 455 (9th Cir.1996).  In other words, plaintiff must allege that he was denied the benefits of the services, programs, or activities of the prison, or has been subjected to discrimination because of his alleged disability. <u>Armstrong v. Wilson</u>, 124 F.3d 1019 (9th Cir.1997).  In the objections, Plaintiff correctly argues that Prison "programs or activities" includes disciplinary hearings. <u>Duffy v. Riveland</u>, 98 F.3d 447, 455 (9th Cir.1996).

However, regardless of whether actions taken at a disciplinary hearing fall within the ADA/RA, Plaintiff must first have the findings made at the disciplinary hearing set aside prior to filing any claim under the ADA/RA.  Any ruling favorable to Plaintiff on the merits of his ADA/RA Claim would necessarily imply the invalidity of the disciplinary finding. If a claim

2

1 under the ADA/RA challenges the duration of confinement, the
2 prisoner's sole federal remedy is the writ of habeas corpus.
3 <u>Bogovich v. Sandoval</u>, 189 F.3d 999 (9th Cir. 1999).  Thus, the
4 claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 87, 114
5 S.Ct. 2364 (1994 (to recover damages for unconstitutional
6 imprisonment, prisoner must show that the sentence has been
7 invalidated).
8   Having carefully reviewed the entire file, the Court finds
9 the Findings and Recommendations to be supported by the record
10 and by proper analysis.
11   Accordingly, IT IS HEREBY ORDERED that:
12   1.   The Findings and Recommendations, filed November 16,
13 2005, are ADOPTED IN FULL; and,
14   2.   This action is DISMISSED in its entirety.

IT IS SO ORDERED.

**Dated:   May 29, 2006**                    **/s/ Anthony W. Ishii**
0m8i78                                         UNITED STATES DISTRICT JUDGE

3