UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>MOEROYK,<br><br>    Defendant.<br>_____/ | 1:04-cv-05123-AWI-LJO-P<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Document #21) |

    Plaintiff, Louis Richard Fresquez ("Plaintiff"), is state prisoner who filed a civil action concerning actions taken at a prison disciplinary hearing.  On November 16, 2005, the Magistrate Judge filed Findings and Recommendations that recommended the complaint be dismissed as a civil rights complaint because Plaintiff had not shown that his disciplinary hearing's findings had been overturned on habeas corpus.   Plaintiff objected to these Findings and Recommendations and contended that this action was brought under the Americans with Disabilities Act ("ADA") and the Magistrate Judge erred by construing the action as a civil rights action.   On May 30, 2006, the court adopted the Findings and Recommendations and dismissed the complaint.   The court found that even if the action was brought under the ADA, Plaintiff was still required to invalidate the disciplinary hearing through habeas corpus prior to filing under the ADA.

     On June 29, 2006, Plaintiff filed a motion for reconsideration.   Plaintiff again contends the court erred in construing this action as being brought under 42 U.S.C. § 1983.   Plaintiff argues the court cannot apply civil rights standards to an ADA case.

1   The court has discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored. <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988). A motion for reconsideration is not to be used to ask the court to rethink what it has already thought. <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, *e.g.*, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff has provided no new facts or law that would allow the court to reverse the dismissal of this action. Plaintiff has simply made an argument already received and rejected by the court. If a claim under the ADA, <u>see</u> 42 U.S.C.A. §§ 12131 to 12165, challenges the validity or duration of confinement, a prisoner's sole federal remedy is a writ of habeas corpus. <u>Bogovich v. Sandoval</u>, 189 F.3d 999 (9th Cir. 1999). Thus, this action is barred until such time has the prison disciplinary hearing has been invalidated in a habeas corpus proceedings.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:    October 17, 2006**          /s/ Anthony W. Ishii
0m8i78                                 UNITED STATES DISTRICT JUDGE