# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MOEROYK, et al.,<br><br>　　　　　　Defendants.<br>_____/ | 1:04-cv-05123-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT (Doc. 45.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.　FINDINGS**

　　**A.　Background**

　　Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's amended complaint filed March 18, 2003, on Plaintiff's ADA and RA claims against defendants Moeroyk and Maka ("Defendants"). On October 21, 2009, Plaintiff filed a motion for default judgment against Defendants. (Doc. 45.)

　　**B.　Entry of Default and Default Judgment**

　　Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 20 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed R. Civ. P. 4(d).

1    Plaintiff argues that he is entitled to default judgment against Defendants because he sent
2 documents to the court to initiate service on July 1, 2009, and there has been no response.
3    In this action, the court issued an order on July 8, 2009, directing the United States
4 Marshal to attempt service upon Defendants. (Doc. 42.) On September 21, 2009, the Marshal
5 filed returns of service unexecuted as to both Defendants, with notations indicating the Marshal
6 was unable to locate either of the Defendants for service of process. (Doc. 44.) On August 12,
7 2009, the Marshal mailed copies of the summons and complaint, and waivers of service, to
8 Defendants via the California Department of Corrections ("CDC") in Sacramento, California,
9 pursuant to Plaintiff's instructions. Id. The Marshal's notations indicate that Defendants' names
10 were not found on the CDC Locator's list. Id. Plaintiff has not submitted any evidence that
11 Defendants were served with the summons and complaint or timely waived service pursuant to
12 Rule 4, and neither of the Defendants has made an appearance in this action. Fed. R. Civ. P. 4.
13 Therefore, Plaintiff is not entitled to entry of default or default judgment against either of the
14 Defendants, and Plaintiff's motion for default judgment should be denied, without prejudice.

**II.    RECOMMENDATION**

In accordance with the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for default judgment be DENIED, without prejudice.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendation, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 4, 2009**             /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE