# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:04-cv-05123-AWI-GSA-PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (Doc. 49.) |
| MOEROYK, et al., | ORDER DIRECTING UNITED STATES MARSHAL TO FURTHER ATTEMPT SERVICE ON DEFENDANTS USING ASSISTANCE OF CDCR'S DEPARTMENT OF LEGAL AFFAIRS |
| Defendants. | |

**I.  BACKGROUND**

Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action alleging prison officials violated the Americans with Disabilities Act and the Rehabilitation Act.  Plaintiff filed this action on March 11, 2003 in the Northern District of California.  On March 18, 2003, Plaintiff filed an amended complaint.  The case was subsequently transferred to this court and received on January 20, 2004.  This action now proceeds on Plaintiff's amended complaint filed on March 18, 2003, against defendants Maka and Moeroyk only ("Defendants"), on Plaintiff's ADA and RA claims concerning conditions of confinement.

**II.  ORDER TO SHOW CAUSE**

On February 19, 2010, the court issued an order for Plaintiff to show cause why this action should not be dismissed for failure to serve the Defendants.  (Doc. 49.)  The court's order

1 was issued based on the return of unexecuted service filed by the United States Marshal on
2 September 21, 2009. (Doc. 44.) Upon further review of the record, the court finds that
3 additional service upon Defendants is appropriate. Therefore, the court's order to show cause
4 shall be discharged, and Plaintiff is excused from filing a response.

**III.     RE-SERVICE BY UNITED STATES MARSHAL**

On July 8, 2009, the court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Maka and Moeryk. (Doc. 42.) On September 21, 2009, the Marshal filed returns of service unexecuted as to Defendants Mata and Moeryk, with a notation that service was mailed to Defendants on August 12, 2009, and on September 15, 2009, the CDC Locator indicated that Defendants' names were not found on their list. (Doc. 44.) Neither of the two defendants in this action was successfully served.

The court's order of July 8, 2009, directed the Marshal to personally serve process if a waiver of service was not returned by a defendant within sixty days of the date of mailing the request of waiver. (Doc. 42 at 2 ¶5.) The Marshal was also directed to "command all necessary assistance from the CDCR, *including commanding the CDCR to enlist the assistance of the CDCR's Department of Legal Affairs*, to execute th[e court's] order." Id. (emphasis added) There is no indication on the Marshal's documents that the Department of Legal Affairs was consulted or that personal service was attempted for either defendant. Accordingly, the court finds it appropriate at this juncture to order additional service.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's order to show cause, issued on February 19, 2010, is discharged, and Plaintiff is excused from filing a response;

2. The Clerk of Court is directed to forward the following documents to the United States Marshal:

    (1)     One completed and issued summons for each defendant to be served;

    (2)     One completed USM-285 form for each defendant to be served;

    (3)     One copy of the complaint filed on March 18, 2003 for each defendant to be served, plus an extra copy for the Marshal (See Doc. 1.);

|   |   |
|---|---|
| 1 | (4) One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal; and |
| 3 | (5) One copy of the court's consent form for <u>each</u> defendant to be served; |

3. Within sixty days from the date of this order, the United States Marshal is directed to:

    a. Personally serve process and a copy of this order upon Defendants **MATA and MOERYK** pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the CDCR, *including commanding the CDCR to enlist the assistance of the CDCR's Department of Legal Affairs*, to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDCR pursuant to this order;

    b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the Defendants, along with evidence of the costs incurred in effecting service on said Defendants. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required;

4. In the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve those defendants; and

5. In the event that defendants are personally served, defendants are required to reply to the complaint. 42 U.S.C. §1997e(g)(2).

IT IS SO ORDERED.

Dated:    April 22, 2010                    /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE