# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:04-cv-05123-AWI-GSA-PC |
| Plaintiff, | ORDER FOR PLAINTIFF TO PROVIDE INFORMATION TO ENABLE SERVICE OF PROCESS UPON DEFENDANT MATA |
| v. | |
| MOERDYK, et al., | THIRTY DAY DEADLINE |
| Defendants. | |

**I.     BACKGROUND**

Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action alleging prison officials violated the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff filed this action on March 11, 2003 in the Northern District of California. On March 18, 2003, Plaintiff filed an amended complaint. The case was subsequently transferred to this court and received on January 20, 2004. This action now proceeds on Plaintiff's amended complaint filed on March 18, 2003, against defendants Correctional Officer J. R. Mata and Lieutenant Pieter L. Moerdyk, on Plaintiff's ADA and RA claims concerning conditions of confinement.

**II.    SERVICE BY UNITED STATES MARSHAL**

On April 27, 2010, the court issued an order directing the United States Marshal to attempt service of process upon Defendants Mata and Moerdyk using the assistance of the CDCR's Department of Legal Affairs. (Doc. 52.) The Marshal was successful in serving

defendant Moerydk, but unsuccessful in serving defendant Mata. (Docs. 57, 58.) Therefore, only Defendant Mata remains unserved in this action.

The Marshal's return of service as to Defendant Mata noted that the Office of Legal Affairs was unable to identify Defendant Mata and needs more information. (Doc. 57.) At this juncture, the court is prepared to issue an order directing the Marshal to make another attempt to serve process on defendant Mata. However, for service to be successful, the Marshal and the CDCR must be able to identify and locate the defendant. Plaintiff has identified this defendant as Correctional Officer J. R. Mata. Before the court will issue another service order, plaintiff must provide the full name and current address of this defendant. If plaintiff is unable to provide a full name, he must provide alternate information – such as a partial name, title, gender, work assignment, work schedule, etc. – sufficient for the Marshal or the CDCR to identify the defendant for service. If plaintiff is unable to provide a current address for this defendant, he must at least provide a last-known address and any other available information to enable the Marshal to locate the defendant. Plaintiff is cautioned that service cannot go forward unless he provides enough information, and unsuccessful service may result in plaintiff's complaint being dismissed. It is plaintiff's responsibility to identify the defendants named in his complaint. Plaintiff shall be granted thirty days in which to respond to this order with additional information about the unserved defendant.

**III.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, plaintiff shall send a written response to the court, providing the full name and current address of defendant Mata for purposes of service in this action;

2. If plaintiff is unable to provide a full name and current address, he must supply sufficient alternate information, such as a partial name, title, work assignment, work schedule, last known address, or other similar information to enable the United States Marshal and the CDCR to identify and locate defendant Mata for service of process in this action;

3.   Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed; and

4.   Plaintiff's failure to provide sufficient information for service of defendant Mata shall result in the dismissal of this defendant from this action for failure to serve process.


IT IS SO ORDERED.

Dated:   September 8, 2010                              /s/ Gary S. Austin
                                                     UNITED STATES MAGISTRATE JUDGE