IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:04-cv-05123-AWI-GSA-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SUPPLY FURTHER INFORMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |
| vs. | |
| MOEROYK, et al., | (Doc. 64.) |
| Defendants. | FORTY-FIVE DAY DEADLINE |

Louis Richard Fresquez ("Plaintiff") is a prisoner proceeding pro se in a civil rights action alleging prison officials violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Plaintiff filed this action on March 11, 2003 in the Northern District of California. The case now proceeds on Plaintiff's amended complaint filed on March 18, 2003, against defendants Maka and Moerdyk ("Defendants"), on Plaintiffs ADA and RA claims concerning conditions of confinement. On October 12, 2010, Plaintiff filed a motion requesting default judgment against defendant Moerdyk, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. 64.)

Plaintiff's case proceeds against defendant Moerdyk for adverse conditions of confinement in violation of Plaintiff's civil rights. Specifically, Plaintiff alleges as follows. On December 3, 2002, Plaintiff was issued a Rules Violation Report ("RVR") for using the bathroom after the 5:00 p.m count was taken. On December 12, 2002, defendant Moerdyk asked Plaintiff if he wanted to have his disciplinary hearing without the assistance of a sign language interpreter, and Plaintiff agreed, stating

1

he was willing to have it in writing. On December 17, 2002, defendant Moerdyk held a CDC 115 hearing in the counselors office. During the course of the hearing, the guard who wrote the RVR came in and had several conversations which Plaintiff, being deaf, could not hear or participate in. Plaintiff gave Moerdyk several memorandums on institutional policy regarding the use of the bathroom after the count; however, Moerdyk ignored the policy and Plaintiff was found guilty. Plaintiff claims this is evidence of Moerdyk's hatred for deaf inmates. Plaintiff was found guilty and assessed thirty days loss of good time credits. In the complaint, Plaintiff requests monetary damages in the amount of $3,000.00.

The court deems it necessary for Plaintiff to provide further information regarding the amount of damages requested against defendant Moerdyk. Plaintiff may provide the Court with evidence of the amount requested by way of witness declarations, Plaintiff's declaration, and/or documentary evidence.

Accordingly, it is HEREBY ORDERED that:

1. Within forty-five (45) days from the date of service of this order, Plaintiff shall submit declarations, documentary evidence, or some other form of evidence regarding the damage amount requested against defendant Moerdyk, in support of his motion for default judgment against defendant Moerdyk; and

2. If Plaintiff fails to submit evidence in compliance with this order, the Court will recommend that the motion for default judgment be denied without prejudice to renewal upon submission of the requested evidence.

IT IS SO ORDERED.

Dated:   **November 30, 2010**                    /s/ **Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE