# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:04-cv-05123-AWI-GSA-PC |
| Plaintiff, | ORDER DISMISSING DEFENDANT MATA PURSUANT TO RULE 4(m) |
| v. | |
| MOEROYK, et al., | |
| Defendants. | |
| _____/ | |

    Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 24, 2009, the Court issued an order directing the United States Marshal to initiate service of process on defendants Moerdyk and Mata.  (Doc. 40.)  The Marshal was unable to locate and serve either of the two defendants.  (Doc. 44.)  On April 27, 2010, the Court issued an order directing the Marshal to make a second attempt to serve the defendants, using the assistance of the Department of Legal Affairs of the California Department of Corrections and Rehabilitation ("CDCR").  (Doc. 52.)  Defendant Moerdyk waived service on May 7, 2010.  (Doc. 58.)  However, the Marshal's second attempt at service upon defendant Mata was unsuccessful.  (Doc. 57.)  On September 8, 2010, the Court issued an order for Plaintiff to provide information to enable service of process upon defendant Mata.  (Doc. 60.)  On November 29, 2010, Plaintiff responded that he is unable to provide any information to enable the Marshal to locate defendant Mata.  (Doc. 67.)

Pursuant to Rule 4(m),

> [i]f a defendant is not served within 120 days after the complaint if filed, the court-- on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this case, Plaintiff is proceeding in forma pauperis.  After two attempts, the Marshal was unable to locate defendant Mata, despite assistance by the CDCR's Department of Legal Affairs.  Plaintiff has indicated that he is unable to provide any information to enable the Marshal to locate and serve defendant Mata.  The Court and the Marshal have exhausted the avenues available for identifying and locating this defendant on behalf of Plaintiff, and Plaintiff is unable to provide the Marshal with a current address at which defendant Mata can be located.

Accordingly, IT IS HEREBY ORDERED that defendant Mata is DISMISSED from this action under Rule 4(m), based on Plaintiff's failure to provide information sufficient for the

///

///

1  Marshal to effect service of process.  The Clerk shall reflect the dismissal of defendant Mata

2  from this action on the Court's docket.

3  <u>IT IS SO ORDERED.</u>

4  
   Dated:     February 8, 2011

5                                 CHIEF UNITED STATES DISTRICT JUDGE