1

2

3

4

5

6

7              **UNITED STATES DISTRICT COURT**

8                   EASTERN DISTRICT OF CALIFORNIA

9

10    LOUIS RICHARD FRESQUEZ,              1:04-cv-05123-AWI-GSA-PC

11              Plaintiff,                 FINDINGS AND RECOMMENDATIONS,
                                           RECOMMENDING THAT PLAINTIFF'S
12    v.                                   MOTION FOR DEFAULT JUDGMENT BE
                                           DENIED, AND THE AMENDED COMPLAINT
13    LIEUTENANT PIETER MOERDYK,           BE DISMISSED FOR FAILURE TO STATE A
                                           CLAIM, WITH LEAVE TO AMEND
14              Defendant.                 (Doc. 64.)

15                                         OBJECTIONS, IF ANY, DUE IN 30 DAYS
      _____/
16

17           This is a civil action in which the Clerk of the Court previously entered default against

18    defendant Lieutenant Pieter Moerdyk.  Plaintiff now seeks the entry of a default judgment in

19    Plaintiff's favor.

20    **I.      BACKGROUND**

21           Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma

22    pauperis in this civil rights action alleging that prison officials violated the Americans with

23    Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  Plaintiff filed this action on March 11,

24    2003, in the Northern District of California.  On March 18, 2003, Plaintiff filed an Amended

25    Complaint.  The case was subsequently transferred to this Court and received on January 20, 2004.

26    (Doc. 1.)

27           On May 30, 2006, this case was dismissed in its entirety for failure to state a claim.  (Doc.

28    24.)  Plaintiff appealed the Court's decision to the Ninth Circuit Court of Appeals, and on August

                                          1

1   4, 2008, the case was remanded for further proceedings.[1]  (Docs. 26, 37.)  On July 8, 2009, the Court

2   directed the United States Marshal to serve process on defendants Lieutenant ("Lt.") Moerdyk and

3   Correctional Officer ("C/O") Mata.  (Doc. 42.)  Defendant Moerdyk was served with a summons and

4   a copy of the complaint on May 7, 2010.  (Doc. 58.)  Service upon defendant Mata was unsuccessful,

5   and defendant Mata was dismissed from this action on February 8, 2011.  (Doc. 73.)[2]

6          On September 24, 2010, Plaintiff filed a motion for entry of default against defendant

7   Moerdyk.  (Doc. 61.)  Defendant Moerdyk did not respond to Plaintiff's motion or make any other

8   appearance in this action, and default was entered by the Clerk on September 27, 2010.  (Doc. 63.)

9   On October 12, 2010, Plaintiff filed a motion for default judgment against defendant Moerdyk.

10  (Doc. 64.)  To date, defendant Moerdyk has not responded to Plaintiff's motion or made any other

11  appearance in this action.  On December 1, 2010, the Court issued an order for Plaintiff to submit

12  evidence of the damage amount requested against defendant Moerdyk, pursuant to Rule 55(b)(2).

13  (Doc. 69.)  On February 3, 2011, Plaintiff filed a declaration in support of the motion for default

14  judgment.  (Doc. 72.)  On February 25, 2011, Plaintiff filed requests for declaratory and injunctive

15  relief.  (Docs. 76, 77.)

16         Plaintiff's motion for default judgment is now before the Court.

17  **II.    PLAINTIFF'S ALLEGATIONS IN THE AMENDED COMPLAINT**

18         At the time of the events at issue, Plaintiff was a state prisoner incarcerated at the California

19  Substance Abuse Treatment Facility and State Prison in Corcoran, California.  Plaintiff names Lt.

20  Moerdyk and C/O Mata[3] as defendants.  Plaintiff alleges as follows in the Amended Complaint.

21         On December 3, 2002, C/O Mata issued a CDC 115 Rules Violation Report ("RVR") against

22  Plaintiff for using the bathroom after the 5:00 p.m. count was taken and the guards were waiting for

23

24         [1]The Ninth Circuit held that the "district court properly dismissed Fresquez's claims that implicated the
    invalidity of a disciplinary conviction which resulted in lost good-time credits" but held that "Fresquez's remaining
25  allegations concerning the conditions of his confinement are independent of his disciplinary conviction and should
    not have been dismissed under 28 U.S.C. § 1915A."  (Doc. 37 at 2.)

26         [2]As a result of the dismissal of defendant Mata, defendant Moerdyk is the only defendant remaining in this
27  action.

28         [3]Plaintiff identified this defendant as "Maka" in the Amended Complaint.  However, Plaintiff corrected the
    spelling to "Mata" when he completed documents to initiate service of process.

clearance from Sacramento.  The charges against Plaintiff in the RVR were contrary to institutional policy and the ADA.  In issuing the RVR, C/O Maka discriminated against Plaintiff, knowing that Plaintiff is deaf, vision impaired, and mobility impaired.

On December 17, 2002, a disciplinary hearing was held to address Plaintiff's RVR.  Lt. Moerdyk officiated over the hearing. Before the hearing, Lt. Moerdyk asked Plaintiff if he would agree to have the hearing without the assistance of a sign language interpreter.  Plaintiff agreed, stating he was willing to participate in writing.  During the course of the hearing, C/O Mata  had several conversations with Lt. Moerdyk which Plaintiff, being deaf, could not hear or participate in. The officers were obviously talking about Plaintiff, but Plaintiff did not know what they were saying and was unable to take part.  Plaintiff pled not guilty of being off his bed during the count, and gave Lt. Moerdyk several memorandums about institutional policy regarding the use of the bathroom after the count.  Lt. Moerdyk highlighted one section of the memorandums, proceeded to have another discussion with C/O Mata, and found Plaintiff guilty of violating CCR 3017, for the specific act of being off his assigned bunk during the count.  As such, Lt. Moerdyk deliberately ignored institutional policy and chose to play favors.

Plaintiff asserts he was not off his bunk during the count, and he could not hear the announcements over the Public Address (P.A.) system which C/O Mata said she made.  Plaintiff maintains that announcements over the P.A. system are part of a sadistic trend to deprive disabled inmates of the use of the bathroom.  C/O Mata announced there would be no movement until the count was clear.  This announcement is against institutional policy which states that movement is allowed with permission.  C/O Mata would not give permission or acknowledge any requests after making this announcement.  C/O Mata knew that Plaintiff is deaf and that there were other deaf inmates in the building.  C/O Mata's conduct demonstrates her hatred for deaf inmates.

Plaintiff filed a CDC form-1824 Reasonable Modification Request regarding the use of the bathroom, which was processed from the informal level to the Director's Level of review.  Plaintiff was granted a rehearing of the CDC-115 RVR.

Plaintiff also alleges that the guards in Building 3 do not have a policy, practice, or procedure for deaf inmates to get their attention when needed.  Plaintiff has been threatened with a CDC-115

1    RVR for trying to get the guards' attention; he has been waved away from the gate; and he has been

2    threatened by guards who place their hands on cans of mace.  There is no means of notifying deaf

3    inmates when a count is being taken.  There is no means for deaf inmates to hear what is being

4    announced over the P.A. system.  The guards make announcements over the P.A. system and then

5    threaten deaf inmates when they do not comply with what was announced.  Past memorandums

6    establishing a procedure for communication with the deaf are ignored.  Guards call deaf inmates over

7    the P.A. system and get angry when they do not respond.  As a result, Plaintiff and other deaf

8    inmates do not get their mail when other inmates get theirs; they miss appointments with other

9    employees who call the building for them; and they are generally left out.

10        Plaintiff requests monetary damages and injunctive relief.

11   **III.    MOTION FOR DEFAULT JUDGMENT**

12        **A.    <u>Legal Standard</u>**

13        Pursuant to the Federal Rules of Civil Procedure, a defendant must serve an answer within

14   21 days of being properly served with a summons and complaint.  Fed. R. Civ. P. 12(a)(1)(A)(I).

15   If a defendant fails to do so, a default judgment may be entered pursuant to Rule 55(a) of the Federal

16   Rules of Civil Procedure.  Rule 55(a) provides that "[w]hen a party against whom a judgment for

17   affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

18   affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

19        However, even if entry of default has been made by the court clerk, granting a default

20   judgment is not automatic.  <u>Pepsi Co, Inc. v. Triunfo-Mex, Inc.</u>, 189 F.R.D. 431, 432 (C.D.Cal.

21   1999); <u>see</u> <u>GMAC Commercial Mortg. Corp. v. Maitland Hotel Assoc.</u>, 218 F.Supp.2d 1355, 1359

22   (M.D.Fla. 2002) (finding that "mere entry of default by clerk does not in itself warrant entry of

23   default judgment").  Instead, "[t]he [Court's] decision whether to enter a default judgment is a

24   discretionary one." <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir.1980); <u>see</u> <u>Duling v. Markun</u>,

25   231 F.2d 833, 836 (7th Cir. 1956).  Using this discretion, the Court must find a "sufficient basis in

26   the pleadings" for a default judgment to be entered.  <u>GMAC</u>, 218 F.Supp.2d at 1359 (citing

27   <u>Nishimatsu Const. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)).

28   ///

When choosing to grant or deny entry of a default judgment, the court considers several factors, such as the possibility of prejudice to the plaintiff, the substantive merits of the plaintiff's claim, the sufficiency of the complaint, the amount of money at stake, the possibility of prejudice to plaintiff if relief is denied, whether default was the result of excusable neglect, and the strong policy of the Federal Rules that favors decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). In considering the Eitel factors, the court takes all factual allegations in the plaintiff's complaint as true, except for those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir.1987).

Although default judgments are more often granted than denied under this discretionary standard, default judgment is not appropriate when the complaint fails to state a claim. GMAC, 218 F.Supp.2d at 1359 (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370, n. 41 (11th Cir. 1997)). This is because entry of a default judgment effectively renders the plaintiff's well-pleaded allegations as non-disputed facts. GMAC, 218 F.Supp.2d at 1359. It also bars the defendant from contesting those facts on appeal. Id. (citing Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987)).

## B.  Plaintiff's Motion

Plaintiff requests the entry of a default judgment against defendant Lt. Moerdyk, for discriminating against him in violation of the ADA and RA.

In support of his motion, Plaintiff first asserts that he (Plaintiff) is disabled within the meaning of the ADA because he was classified as D.P.P. (Disabled Placement Program) at Solano State Prison based on his deafness. (Fresquez Decl., Doc. 72 at 4). Plaintiff also asserts that he is forced to wear a yellow vest with "Hearing Impaired" stenciled on the back of the vest. (Id.)

Plaintiff requests an award including the following:

(1)     Declaration that his thirty-day loss of good time credits at the unconstitutional disciplinary hearing is void and must be restored;

(2)     Declaration that the unconstitutional application of multiple punishments for one offense was illegal and contrary to the ADA;

///

(3)     Declaration of the due process rights of communication to all deaf inmates;

(4)     Injunction requiring the prison to provide sign language interpreters or written communication in all due process hearings/sessions, including CDC-115 disciplinary hearings;

(5)     Declaration that deaf inmates have the right to choose the type of communication provided, per the Code of Federal Regulations and Captain Frazer's Memorandum entitled "Communications With Deaf Inmates;"

(6)     Injunction requiring that deaf inmates will be provided copies of all written communications;

(7)     Injunction incorporating Captain Frazer's Memorandum "Communications with Deaf Inmates" into policy and Title 15;

(8)     Injunction requiring the prison to follow the Code of Federal Regulations that were promulgated to enforce the ADA in communication with deaf inmates;

(9)     Injunction requiring the prison to insure that deaf inmates are given due process rights in communications with prison officials at all due process hearings; and

(10)    Attorney's fees in the amount of $6,000.00.

In support of his requests for relief against defendant Lt. Moerdyk, Plaintiff argues that Lt. Moerdyk knew that he acted in violation of Title 15, CDC mandates, and the ADA, because all of the employees at the prison are aware that hearing-impaired inmates are present the prison, and every employee is given training sessions on how to communicate with hearing-impaired inmates. (Id. at 5-6. Plaintiff declares that Lt. Moerdyk intentionally treated him as if he were not important enough to talk to, and forced Plaintiff to re-live over sixty years of discrimination he has endured based on his deafness. Lt. Moerdyk talked over and around Plaintiff, ignoring him and talking to C/O Mata while Plaintiff sat in front of him. (Id. at 6.) Plaintiff submits evidence of the laws, regulations, and rules governing the treatment of disabled inmates. (Exhibits to Fresquez Declaration, Doc. 72 at pp 8-73.) Plaintiff also requests a trial to determine the amount of damages he is entitled to in this action. (Id. at 7.)

///

1    **IV.    DISCUSSION**

2         Plaintiff has satisfied the Rule 55 requirements for to entry of default against defendant

3    Moerdyk.   On July 8, 2009, the Court directed the United States Marshal to serve process on

4    defendants Moerdyk and Mata.  (Doc. 42.)  Defendant Moerdyk was served with a summons and

5    copy of the complaint on May 7, 2010.  (Doc. 58.)  Defendant Moerdyk did not file any response to

6    the complaint, and on September 24, 2010, Plaintiff filed a motion for entry of default against

7    defendant Moerdyk.  (Doc. 61.)  The Clerk entered default against defendant Moerdyk on September

8    27, 2010.  (Doc. 63.)  On October 12, 2010, Plaintiff filed the present motion for a default judgment

9    against defendant Moerdyk.   (Doc. 64.)   To date, defendant Moerdyk has not responded to the

10   motion or made any other appearance in this action.  Based on this evidence, Plaintiff's motion for

11   a default judgment is properly before the Court.

12        The Court now considers whether Plaintiff states a claim against defendant Moerdyk in the

13   Amended Complaint.  In considering Plaintiff's motion for default judgment, the Court takes all of

14   the factual allegations in Plaintiffs' Amended Complaint as true.  TeleVideo Sys., Inc., 826 F.2d at

15   917.  Plaintiff fashioned the Amended Complaint as a complaint for relief under the Americans with

16   Disabilities Act ("ADA") and the Rehabilitation Act ("RA").[4]    Therefore, the Court considers

17   whether Plaintiff states any claims under the ADA or RA against defendant Moerdyk.

18        ***ADA and RA Claims - Legal Standard***

19        Title II of the ADA provides that "no qualified individual with a disability shall, by reason

20   of such disability, be excluded from participation in or denied the benefits of the services, programs,

21   or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. §

22   12132.  Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of 1973,

23   "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and

24   ///

25   _____

26        [4]"As [the Ninth Circuit] held in Bogovich v. Sandoval, when a prisoner's complaint 'asserts only, and
     details facts related to, potential ADA violations,' the district court errs in characterizing the suit as a § 1983 claim."
27   O'Guinn v. Lovelock Correctional, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting Bogovich v. Sandoval, 189 F.3d
     999, 1001 (9th Cir. 1999)).  " '[C]ourts should not undertake to infer one cause of action when a complaint clearly
28   states a claim under a different cause of action. The party who brings a suit is master to decide what law he will rely
     upon.' " Id.

1  the Rehabilitation Act." <u>Zukle v. Regents of the Univ. of Cal.</u>, 166 F.3d 1041, 1045, n. 11 (9th Cir.

2  1999); <u>see</u> <u>Coons v. Sec'y of the United States Treas.</u>, 383 F.3d 879 (9th Cir. 2004).

> "In order to state a claim under Title II of the ADA, a plaintiff must allege:
>
> (1) he 'is an individual with a disability;' (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability. ' "

8  <u>O'Guinn</u>, 502 F.3d at 1060 (quoting <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1265 (9th Cir.2004

9  and <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir.2002) (per curiam)). "Similarly, to state a claim

10  under the Rehabilitation Act, a plaintiff must allege (1) he is an individual with a disability; (2) he

11  is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by

12  reason of his disability; and (4) the program receives federal financial assistance." <u>O'Guinn</u> at 1060

13  (citing <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1135 (9th Cir.2001)).

14  ### ***Plaintiff's Claims in the Amended Complaint***

15  Plaintiff asserts that he is deaf, vision-impaired, and mobility-impaired, and he produces

16  evidence in the form of health records to demonstrate that he possesses disabilities within the

17  meaning of the ADA and RA.  (Amd Cmpl at 2-5.)  Thus, Plaintiff has demonstrated that he is a

18  qualified individual with a disability within the meaning of the ADA and RA.

19  ### ***Individual Liability***

20  Plaintiff fails to state a claim in the Amended Complaint for individual liability against either

21  defendant Moerdyk or defendant Maka.  Individual liability is precluded under Title II of the ADA,

22  and any claim Plaintiff might intend to make under the ADA or RA against defendants as

23  individuals, is not cognizable.  To be cognizable, an ADA claim must be brought for discrimination

24  by a "public entity."  The ADA defines public entity" in relevant part as "any State or local

25  government" or "any department, agency, special purpose district, or other instrumentality of a State

26  or States or local government."  42 U.S.C. § 12131(1)(A)-(B).  "The term 'public entity' does not

27  include individuals." <u>Shaughnessy v. Hawaii</u>, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8

28  (D.Hawai'i Jun. 24, 2010) (quoting <u>Hardwick v. Curtis Trailers, Inc.,</u> 896 F.Supp. 1037, 1038-39

1  (D.Or.1995) (finding that individual liability is precluded under ADA Title II) (citing <u>Miller v.</u>

2  <u>Maxwell's Int'l, Inc.</u>, 991 F.2d 583 (9th Cir.1993)); <u>see also</u> <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156

3  (9th Cir. 2002).  Plaintiff may name the appropriate entity or state officials in their official capacities,

4  but he may not name individual prison employees in their personal capacities.  <u>Shaughnessy</u>, 2010

5  WL 2573355 at *8; <u>Anaya v. Campbell</u>, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at

6  *5-6 (E.D.Cal. Nov. 9, 2009); <u>Roundtree v. Adams</u>, No. 1:01-CV-06502 OWW LJO, 2005 WL

7  3284405, at *8 (E.D.Cal. Dec. 1, 2005).  Therefore, Plaintiff fails to state any ADA or RA claims

8  against C/O Mata or Lt. Moerdyk in their individual capacities.

9  ### *Conviction at Disciplinary Hearing*

10  Plaintiff requests relief with regard to his conviction at the disciplinary hearing.  Plaintiff

11  requests a court order reversing his loss of thirty days good time credits and changing his release date

12  back to the date established on October 5, 1994; damages to compensate him for the privileges he

13  lost as a result of the conviction; and damages for Lt. Moerdyk's conduct at the hearing.  Plaintiff's

14  claims implicating the invalidity of his disciplinary conviction, which resulted in lost good-time

15  credits, were previously dismissed from this action on May 30, 2006, and on appeal the Ninth Circuit

16  affirmed the dismissal of these claims.  (Docs. 20, 37.)  Plaintiff's only remedy for these claims is

17  a petition for writ of habeas corpus, unless he demonstrates that the conviction was reversed.  <u>Preiser</u>

18  <u>v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert.</u> denied 11

19  S.Ct. 1090 (1991);  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994); <u>Edwards v. Balisok</u>, 520 U.S.

20  641, 646 (1997).  Therefore, Plaintiff fails to state any claim with regard to his conviction at the dise

21  disciplinary hearing.

22  ### *Conditions of Confinement*

23  Plaintiff alleges that the guards in Building 3 do not have a policy, practice, or procedure for

24  deaf inmates to get their attention when needed, resulting in threats and punishments against Plaintiff

25  and other deaf inmates for not complying with announcements made over the P.A. system or other

26  verbal instructions.  Plaintiff also alleges that as a result of the lack of a policy, practice, or

27  procedure, he and other deaf inmates do not get their mail when other inmates get theirs; they miss

28  appointments with other employees who call the building for them; and they are generally left out.

1   Plaintiff may be able to state a claim under the ADA and RA for these conditions of his
2   confinement.  However, Plaintiff has not named a proper defendant.[5]  Title II of the ADA prohibits
3   discriminatory activities by public entities and defines "public entity" in relevant part as "any State
4   or local government" or "any department, agency, special purpose district, or other instrumentality
5   of a State or States or local government."  42 U.S.C. §§ 12132, 12131(1)(A)-(B).[6]  Because Plaintiff
6   may be able to state a claim, he should be granted leave to amend his ADA and RA claims
7   concerning conditions of confinement.[7]

8   ### ***Request for Trial***

9   Plaintiff requests a trial to determine the appropriate amount of damages he is entitled to in
10  this action.  A trial, or court hearing, for Plaintiff to present evidence in support of his motion for
11  default judgment shall be denied.  Under Local Rules, "[a]ll motions, except motions to dismiss for
12  lack of prosecution, filed in cases wherein one party is incarcerated and proceeding in propria
13  persona, shall be submitted upon the record without oral argument unless otherwise ordered by the
14  Court."  Local Rule 230(l).  Such motions are not noticed on the motion calendar, and the parties do
15  not appear in open court to resolve such motions.  Id.  The Court finds no good cause to order oral
16  argument on Plaintiff's motion for default judgment.  Therefore, Plaintiff's request for a court
17  hearing at this stage of the proceedings is denied.

18  ## V.    CONCLUSION AND RECOMMENDATIONS

19  The Court finds that Plaintiff's Amended Complaint fails to state any cognizable claim
20  against defendant Lt. Pieter Moerdyk upon which relief may be granted.  Therefore, Plaintiff's
21  motion for default judgment against defendant Lt. Moerdyk must be denied.

22

---

23  [5] As discussed above at page 8, Plaintiff cannot state an ADA or RA claim against defendants in their
24  individual capacities.

    [6] As discussed above, "[t]here is no significant difference in analysis of the rights and obligations created by
25  the ADA and the Rehabilitation Act."  Zukle, 166 F.3d at 1045, n. 11; see Coons, 383 F.3d 879.

26  [7] On appeal of the Court's May 30, 2006 decision in this action, the Ninth Circuit held that "Fresquez's []
27  allegations concerning the conditions of his confinement are independent of his disciplinary conviction and should
    not have been dismissed under 28 U.S.C. § 1915A.  See Bogovich, 189 F.3d at 1002 (finding disabled prisoner's
28  ADA and RA claims relating to the conditions, rather than duration or validity, of confinement are not Heck-
    barred)."  (Doc. 37 at 2.)

1    The Court also finds that Plaintiff may be able to state a claim for violation of the ADA and

2    RA with respect to conditions of his confinement.  Therefore, the Amended Complaint should be

3    dismissed with leave to file a Second Amended Complaint curing the deficiencies identified above.

4    Fed. R. Civ. P. 15(a); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).

5    Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

6    1.    Plaintiff's motion for default judgment against defendant Lt. Moerdyk, filed on

7    October 12, 2010, be DENIED; and

8    2.    Plaintiff's Amended Complaint, filed on May 18, 2003, be DISMISSED for failure

9    to state a claim, with leave to file a Second Amended Complaint curing the deficiencies discussed

10   above.

11   These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

13   after being served with these findings and recommendations, Plaintiff may file written objections

14   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

15   and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

16   may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

17   1991).

18

19   IT IS SO ORDERED.

20   **Dated:   June 13, 2011**                    **/s/ Gary S. Austin**

21                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28