IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LIEUTENANT PIETER MOERDYK,<br><br>　　　　Defendant.<br>_____/ | 1:04-cv-05123-AWI-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 79.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 64; also resolves Docs. 76, 77.)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR HEARINGS AND TRIAL TO ADDRESS DEFAULT JUDGMENT<br>(Docs. 80, 81, 82.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT<br><br>ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

　　　Louis Richard Fresquez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action alleging that prison officials violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

On June 13, 2011, findings and recommendations were entered, recommending that Plaintiff's motion for default judgment be denied, and that Plaintiff's amended complaint be dismissed for failure to state a claim, with leave to amend. (Doc. 79.) On July 18, 2011, Plaintiff filed objections to the findings and recommendations, together with a motion for alternative means of dispute resolution, a demand for trial by jury regarding default judgment, and a motion for hearings to address Rule 55(b)(2). (Docs. 80-83.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections and accompanying motions, the court finds the findings and recommendations to be supported by the record and proper analysis. As explained in the findings and recommendations, Plaintiff cannot state an ADA claim for relief against Lt. Moerdyk. The only proper defendant in an ADA or RA claim is a State or local government or any department, agency, special purpose district, or other instrumentality of a State or States or local government. In light of this finding, Plaintiff's motion for alternative means of dispute resolution, demand for trial by jury regarding default judgment, and motion for hearings to address Rule 55(b)(2) shall be denied.

Plaintiff's Amended Complaint shall be dismissed for failure to state any cognizable claims upon which relief may be granted under § 1983, with leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Plaintiff shall be granted thirty days in which to file a Second Amended Complaint curing the deficiencies identified by the Magistrate Judge in the findings and recommendations of June 13, 2011. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).

The Second Amended Complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant

1  *personally* participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934 (emphasis added).

2       Plaintiff should also note that although he has been given the opportunity to amend, it is not
3  for the purposes of adding unrelated claims.  In addition, Plaintiff should take care to include only
4  those claims for which he has exhausted his administrative remedies.

5       While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not
6  necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that
7  under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short
8  and plain statement of [his] claim."  Plaintiff is not obligated to prove the allegations in his
9  complaint at this stage.

10      Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
11 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
12 supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an
13 amended complaint is filed, the prior complaints no longer serves any function in the case.
14 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of
15 each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly
16 titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed
17 under penalty of perjury.

18      Accordingly, THE COURT HEREBY ORDERS that:

19   1.   The Findings and Recommendations issued by the Magistrate Judge on June 13,
20        2011, are ADOPTED in full;

21   2.   Plaintiff's motion for default judgment, filed on October 12, 2010, is DENIED;

22   3.   Plaintiff's Amended Complaint, filed on March 18, 2003, is DISMISSED for failure
23        to state a claim, with leave to amend;

24   4.   Plaintiff's motion for alternative means of dispute resolution, demand for trial by jury
25        regarding default judgment, and motion for hearings to address Rule 55(b)(2), filed on
26        July 18, 2011, are DENIED;

27   5.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

6. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Magistrate Judge in the findings and recommendations of June 13, 2011;

7. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:04-cv-05123-AWI-GSA-PC;

8. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted; and

9. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: July 27, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

4