# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:04-cv-05123-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (Doc. 85.) |
| LIEUTENANT PIETER MOERDYK, | ORDER GRANTING PLAINTIFF FINAL OPPORTUNITY TO COMPLY WITH COURT'S ORDER OF JULY 28, 2011 |
| Defendant. | (Doc. 84.) |
| | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.   BACKGROUND**

Louis Richard Fresquez ("plaintiff") is a state prisoner proceeding pro se in this civil rights action alleging that prison officials violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). On December 10, 2010, Plaintiff filed objections to the undersigned's order entered on July 28, 2011, which adopted the Magistrate Judge's findings and recommendations, denied Plaintiff's motion for default judgment, and dismissed the Amended Complaint with leave to amend. (Doc. 84.) The Court construes Plaintiff's objections as a motion for reconsideration.

**II.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's motion for reconsideration is his disagreement with the Court's decision entered on July 28, 2011. Plaintiff objects to the order on the ground that the Court "refuses to acknowledge the facts of the case presented." (Objections, Doc. 85 at 2.) Plaintiff argues that his Amended Complaint should not have been dismissed, because he stated a prima facie case for violation of the Americans with Disabilities Act. Plaintiff also argues that the Court erred in denying his motion for entry of default judgment. Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on August 31, 2011 is DENIED;

2. Plaintiff is granted one, final opportunity to comply with the Court's order of July 28, 2011;

///

3. Within thirty days from the date of service of this order, Plaintiff shall file a Second Amended Complaint as directed by the Court's order of July 28, 2011; and

4. Failure to file a Second Amended Complaint in compliance with the Court's order of July 28, 2011 shall result in the dismissal of this action with prejudice, for failure to state a claim, without further notice.

IT IS SO ORDERED.

Dated:    November 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE